AMFAC DISTRIBUTION CORPORATION dba AMFAC ELECTRIC Co., Appellant, *v*. HOUSING AUTHORITY OF THE CITY OF LAS VEGAS, NEVADA; JOHN E. YOXEN COMPANY and SAFECO INSURANCE COMPANY OF AMERICA, Respondents.

No. 15348

October 4, 1984

688 P.2d 318

*Bilbray & Gibbons* and *Lester A. Berman,* Las Vegas, for Appellant.

*Edwards, Hunt & Hale;* and *Earl & Earl,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of a general contractor and its surety and against a subcontractor's materialman on a payment bond.

Defendant-respondent John E. Yoxen Company was the general contractor on a public works project in Las Vegas. As required by NRS 339.025(1)(b)[1] Yoxen obtained a payment bond from defendant-respondent surety, Safeco Insurance Company of America. Beginning on July 20, 1982, plaintiff-appellant Amfac Distribution Corporation supplied materials to R.I.C. Electric, one of Yoxen's subcontractors on the project. On September 2, 1982, Amfac notified Yoxen that it was supplying materials to R.I.C. On September 27, 1982, R.I.C. became insolvent and stopped working on the project. Amfac's last delivery was on September 30, 1982. Unpaid by R.I.C., Amfac sought payment from Yoxen and Safeco under the payment bond. Yoxen and Safeco contended, and the trial court agreed, that since Amfac had failed to give its initial statutory notice to Yoxen within thirty days of its first delivery to R.I.C., that Amfac was barred from recovery for any of the material,

[1] NRS 339.025(1)(b) requires of contractors on public works:

A payment bond in an amount to be fixed by the contracting body, but not less than 50 percent of the contract amount. The bond must be solely for the protection of claimants supplying labor or materials to the contractor to whom the contract was awarded, or to any of his subcontractors, in the prosecution of the work provided for in such contract.

including that supplied within thirty days prior to the notice and thereafter. We disagree.

According to NRS 339.035(2)[2] a claimant in a contractual relationship with a subcontractor but not in privity with a contractor can recover under a payment bond when the claimant has satisfied a dual notice requirement. The claimant must give the contractor initial written notice of the nature of the materials or labor being provided, the person contracting for them, and the site for performance "within 30 days after furnishing the first of such materials or performing the first of such labor." NRS 339.035(2)(a). The claimant must also give the contractor final written notice of the amount claimed and the name of the person for whom the work was performed or material supplied "within 90 days from the date the claimant performed the last of the labor or furnished the last of the materials." NRS 339.035(2)(b). The double notice provision of NRS 339.035 is unique to the payment bond statute of Nevada. Garff v. J. R. Bradley Co., 84 Nev. 79, 82 fn. 3, 436 P.2d 428 (1968).

The parties do not dispute that Amfac fully complied with the final notice requirement or that the contents of its initial notice were adequate. Only the timeliness of the initial notice is at issue here. The trial court strictly interpreted NRS 339.035(2)(a) and found Amfac had no right to recover for any material provided because it gave initial notice to Yoxen forty-five days after it first supplied R.I.C. with materials. We find this strict interpretation produces an unnecessarily harsh result not intended by the legislature. For example, a materialman's

---

[2]NRS 339.035(2) provides:

Any claimant who has a direct contractual relationship with any subcontractor of the contractor who gave such payment bond, but no contractual relationship, express or implied, with such contractor, may bring an action on the payment bond only:

(a) If he has, within 30 days after furnishing the first of such materials or performing the first of such labor, served on the contractor a written notice which shall inform the latter of the nature of the materials being furnished or to be furnished, or the labor performed or to be performed, and identifying the person contracting for such labor or materials and the site for the performance of such labor or materials; and

(b) After giving written notice to such contractor within 90 days from the date on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment. Each written notice shall state with substantial accurancy the amount claimed and the name of the person for whom the work was performed or the material supplied, and shall be served by being sent by registered or certified mail, postage prepaid, in an envelope addressed to such contractor at any place in which he maintains an office or conducts business, or at his residence.

first shipment to a subcontractor may have been paid for in cash while the second shipment, forty-five days later, may have been on credit. The supplier would have no reason to notify the general contractor within thirty days of the first shipment since it had already been reimbused for it. Under the district court's reading of NRS 339.035(2)(a), even if the supplier gave notice the day after the second shipment, it would be too late, and the supplier would recover nothing for that or any later delivery.

The payment bond statute is "solely for the protection of claimants supplying labor or materials to the contractor . . . or to any of his subcontractors." NRS 339.025(1)(b). However, NRS 339.035(2)(a) provides that this protection shall be no more than thirty days retroactive from the date of the initial notice. Consequently we read NRS 339.035(2)(a) to allow recovery where both initial and final notice are given, even if the initial notice is more than thirty days after the first delivery of materials, but limit this recovery to the value of material or labor supplied in the thirty days prior to the initial notice or any time thereafter. This interpretation best serves the interest of the claimant in recovering his cost while also limiting the liability of the contractor to no more than thirty days before he received notice, as the legislature intended.

Amfac alleges that it gave Yoxen the initial notice on September 2, 1982. In accordance with NRS 339.035(2)(a) Amfac can recover under the payment bond for all material supplied to R.I.C. in the thirty days prior to September 2, 1982 and afterwards. The value of the material supplied during this period is in dispute. Therefore, summary judgment was improper and we reverse and remand for further proceedings consistent with this opinion.